UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLTON JAMES ROOD, | No. 2:19-cv-1806 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| LOCKWOOD, et al., | |
| Defendants. | |

Plaintiff, a former county and current state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.     Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF Nos. 2, 9. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

  II.  <u>Statutory Screening of Prisoner Complaints</u>

  The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

  A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989) (quoting <u>Neitzke</u>, 490 U.S. at 327), <u>superseded by statute on other grounds as stated in</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. <u>Franklin</u>, 745 F.2d at 1227-28 (citations omitted).

  "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (alteration in original) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." <u>Wilhelm v. Rotman</u>, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III. Complaint

The complaint sets out three claims for relief against defendants Lockwood, Clark, Van Gerwen, and Shasta County Jail Hiring Authority. ECF No. 1.

Claim One alleges that defendants Lockwood and Clark used excessive force against plaintiff during a search and escort on August 28, 2019. Id. at 3. While plaintiff was being searched, defendants told him that they had filed reports saying he had been doing pushups, which resulted in his arm sling being taken away, and after plaintiff was searched, they told him to put his hands behind his back, despite knowing he was unable to do so because of a medical condition. Id. When plaintiff reminded them that he was unable to put his arm behind his back, Clark pushed him into a wall and twisted his arm back, dislocating his shoulder, while Lockwood threatened to assault him. Id. Defendants then escorted plaintiff to the sally port, all the while wrenching and twisting his arms and causing additional pain. Id. They then pushed him into a corner, causing his head to hit the concrete wall, after which Lockwood shoved plaintiff's head into the wall a second time, causing a concussion. Id. at 4. When defendants eventually returned plaintiff to his cell they assaulted him again. Id. Plaintiff filed a grievance, after which defendants came to his cell to ask if he wanted to go with them to medical. Id. When plaintiff told defendants he believed they would assault him again if he went with them, they told him they

3

would write him up for something.  Id.  Plaintiff was later escorted to medical by two other officers, at which time his shoulder was relocated.  Id.

In Claim Two, plaintiff alleges that on August 16, 2019, Lockwood deliberately delayed his access to medical care after he began suffering heart palpitations.  Id. at 5.  Then, during the escort to medical, Lockwood used his weight to cause plaintiff to collapse and hit his head on the ground.  Id.  Upon plaintiff's return to his cell, Lockwood refused to give him the medication he had been provided, telling plaintiff that it was because he knew plaintiff wanted to file a grievance about Lockwood's conduct.  Id.

Finally, plaintiff alleges in Claim Three that defendant defendants Lockwood and Van Gerwen interfered with his medical care by denying him an arm sling.  Plaintiff's arm sling was initially taken away on August 2, 2019, based on fabricated reports submitted by Lockwood.  Id. at 6.  On August 29, 2019, plaintiff was re-issued his arm sling, but several days later Lockwood saw him using his sling and, with the assistance of Van Gerwen, forcibly removed the sling.  Id.  Two days later, while plaintiff was on his way to medical to try and get his sling back, Van Gerwen began yelling at him to put his hand behind his back, despite knowing that he could not.  Id.  Plaintiff told him that he could not and that that was why he was going to medical.  Id.  Van Gerwen responded by telling plaintiff to put his hand behind his back or go back to his cell, and when plaintiff told him he was afraid of being assaulted and that his only option was to go back to his cell, Van Gerwen became angry and pushed him into his neighbor's door before putting plaintiff back into his cell, preventing him from getting medical assistance.  Id.

IV. Claims for Which a Response Will Be Required

Plaintiff's allegations against defendants Lockwood, Clark, and Van Gerwen are sufficient to state claims for excessive force under the Fourteenth Amendment.[1]  See Kingsley v.

---

[1] Plaintiff was in the custody of the Shasta County Jail at the time of the alleged violations.  However, he does not specify whether he was a pretrial detainee or a convicted inmate.  For purposes of screening, the undersigned therefore assumes that he was a pretrial detainee.  See Vazquez v. County of Kern, 949 F.3d 1153, 1163-64 (9th Cir. 2020) ("[T]he Fourteenth Amendment is more protective than the Eighth Amendment 'because the Fourteenth Amendment prohibits *all* punishment of *pretrial detainees*, while the Eighth Amendment only prevents the (continued)

4

Hendrickson, 135 S. Ct. 2466, 2473 (2015) (use of force against a pretrial detainee is excessive if "objectively unreasonable"). He also states a claim for interference with his medical treatment against Lockwood and Van Gerwen. See Gordon v. County of Orange, 888 F.3d 1118, 1125 (9th Cir. 2018) (deliberate indifference under the Fourteenth Amendment requires an intentional decision related to conditions of confinement that puts plaintiff at substantial risk of serious harm and defendant's failure to take reasonable measures to abate the risk of which he should be aware, causing plaintiff's injury).

V. Failure to State a Claim

While "municipalities and other local government units . . . [are] among those persons to whom § 1983 applies," Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978), "a municipality can be liable under § 1983 only where its policies are the 'moving force [behind] the constitutional violation,'" City of Canton v. Harris, 489 U.S. 378, 389 (1989) (alteration in original) (quoting Monell, 436 U.S. at 694 and Polk County. v. Dodson, 454 U.S. 312, 326 (1981)). There must be "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." Id. at 385. Although the conditions plaintiff alleges are sufficient to establish a violation of his rights under either the Fourteenth Amendment, he does not allege facts showing that those conditions were the result of a policy or custom of the county. He has therefore failed to state a claim against the Shasta County Jail Hiring Authority.

VI. Leave to Amend

For the reasons set forth above, the court finds that the complaint does not state cognizable claims against the Shasta County Jail Hiring Authority. However, it appears that plaintiff may be able to allege facts to remedy this and he will be given the opportunity to amend

---

imposition of *cruel and unusual* punishment of *convicted prisoners*.'" (quoting Demery v. Arpaio, 378 F.3d 1020, 1029 (9th Cir. 2004))). However, even if plaintiff has been convicted and his claims are governed by the Eighth Amendment, his allegations are sufficient to state a claim for excessive force and interference with his medical care. See Hudson v. McMillian, 503 U.S. 1, 6-7 (1992) (force is excessive if used "maliciously and sadistically to cause harm" (citation omitted)); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment" (citation omitted)).

the complaint if he desires. Plaintiff may proceed forthwith to serve defendants Lockwood, Clark, and Van Gerwen on his Fourteenth Amendment claims, or he may delay serving any defendant and amend the complaint.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint. If plaintiff elects to proceed on his claims against defendants Lockwood, Clark, and Van Gerwen without amending the complaint, the court will proceed to serve the complaint. A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of the claims against the Shasta County Jail Hiring Authority.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended

////

complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VII. <u>Plain Language Summary of this Order for a Pro Se Litigant</u>

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

Some of the allegations in the complaint state claims against the defendants and some do not. You have stated claims for relief against defendants Lockwood, Clark, and Van Gerwen, but you have not state a claim against the Shasta County Jail Hiring Authority because you have not shown that the violation of your rights was because of a policy or custom of the county.

You have a choice to make. You may either (1) proceed immediately on your Fourteenth Amendment claims against defendants Lockwood, Clark, and Van Gerwen and voluntarily dismiss the claims against the Shasta County Jail Hiring Authority or (2) try to amend the complaint. If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice your claims against the Shasta County Jail Hiring Authority. If you choose to amend your complaint, the amended complaint must include all of the claims you want to make, including the ones that have already been found to state a claim, because the court will not look at the claims or information in the original complaint. **Any claims and information not in the amended complaint will not be considered.** You must complete the attached notification showing what you want to do and return it to the court. Once the court receives the notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for defendants to be served).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis, ECF Nos. 2, 9, is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's claims against defendant Shasta County Jail Hiring Authority do not state claims for which relief can be granted.

4. Plaintiff has the option to proceed immediately on his Fourteenth Amendment claims against defendants Lockwood, Clark, and Van Gerwen as set forth in Section IV above, or to amend the complaint.

5. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a first amended complaint. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of the claims against the Shasta County Jail Hiring Authority.

DATED: May 13, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLTON JAMES ROOD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LOCKWOOD, et al.,<br><br>　　　　Defendants. | No. 2:19-cv-1806 KJM AC P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his Fourteenth Amendment claims against defendants Lockwood, Clark, and Van Gerwen without amending the complaint. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice his claims against defendant Shasta County Jail Hiring Authority pursuant to Federal Rule of Civil Procedure 41(a).

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

　　　　　　　　　　　　　　　　　　　　　　　　　――――――――――――――――――
　　　　　　　　　　　　　　　　　　　　　　　　　Colton James Rood
　　　　　　　　　　　　　　　　　　　　　　　　　Plaintiff pro se

1