UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLTON JAMES ROOD,<br><br>      Plaintiff,<br><br>    v.<br><br>LOCKWOOD, et al.,<br><br>      Defendants. | No.  2:19-cv-1806 KJM AC P<br><br><br><br>ORDER |

       Plaintiff is a former county and current state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Currently before the court are defendants' motion to modify the scheduling order (ECF No. 53) and plaintiff's objections to defendants' request for a deposition and requests for production (ECF No. 54).

       By order filed September 21, 2021, the court set deadlines for discovery and dispositive motions.  ECF No. 27.  Defendants first sought to modify the scheduling order on the ground that they intended to consolidate this matter with another case in which plaintiff had been given leave to file a second amended complaint.  ECF No. 35.  The motion was granted.  ECF No. 36.  Defendants then sought to extend the deadlines a second time after plaintiff refused to participate in his deposition because he was on a hunger strike and counsel had difficulties with rescheduling the deposition due to plaintiff's pending transfer to another prison.  ECF No. 50.  Defendants have now filed a third motion to modify the scheduling order and seek to extend the discovery

and dispositive motions deadlines by three months.  ECF No. 53.

After the first attempt to take plaintiff's deposition, counsel was initially unable to reschedule the deposition because plaintiff was either in administrative segregation or was scheduled for transfer and any dates scheduled could not be guaranteed.[1]  Id. at 4.  Defendants were eventually able to schedule a deposition for June 22, 2022.  Id.  However, upon initiating the deposition, plaintiff refused to participate on the grounds that he was in fear for his safety and did not have his paperwork related to the case.  Id.  He also advised that he had served objections to the deposition, though counsel had not yet received them.  Id.  Plaintiff's objections have since been received by the court.  ECF No. 54.

Defendants have demonstrated good cause to extend the deadlines in this case.  However, since it appears the only discovery matters left are plaintiff's deposition and any necessary motions to compel, and there is no indication that plaintiff is currently pending transfer to another prison, the length of the requested extension does not appear warranted.  Should defendants require additional time, they may seek an appropriate extension.

In granting the request for additional time, the court notes that plaintiff has now twice refused to participate in his deposition.  Furthermore, plaintiff's objections on the grounds that he has already provided all responsive documents and that a deposition is unnecessary because he has responded to interrogatories, will be called a snitch, and will be subject to reprisals from staff do not provide sufficient grounds for refusing to be deposed or respond to production requests. See ECF No. 54 (plaintiff's objections).  Defendants are permitted to request the production of documents.  If plaintiff has already submitted all responsive documents, he should respond to the requests accordingly by identifying which documents are responsive.  Additionally, defendants are entitled to both take plaintiff's deposition and propound interrogatories.  They are not required to choose one or the other.  Plaintiff provides no facts that would substantiate his conclusory assertions that being deposed would put his safety at risk.  His objections will therefore be overruled.

---

[1] Plaintiff was transferred twice.  ECF No. 53 at 4.

Should plaintiff refuse for a third time to participate in his deposition, defendants will be entitled to file a motion for sanctions. Plaintiff is cautioned that he is required to participate in discovery, which includes being deposed, and that further refusals to fully participate will likely result in sanctions, which could range from the exclusion of evidence up to dismissal of this case. See Fed. R. Civ. P. 37(b)(2)(A); Fed. R. Civ. P. 41(b); L.R. 110.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's objections to being deposed and to defendants' requests for production (ECF No. 54) are OVERRULED.

2. Plaintiff is required to fully participate in his deposition. Failure to comply with this order may result in sanctions, which could range from the exclusion of evidence up to dismissal of this case. See Fed. R. Civ. P. 37(b)(2)(A); Fed. R. Civ. P. 41(b); L.R. 110.

3. Defendants' motion to modify the discovery and scheduling order (ECF No. 53) is GRANTED in part.

4. The deadline for conducting discovery, including the filing of any motions to compel, is extended to August 26, 2022.

5. The deadline for filing dispositive motions is extended to November 21, 2022.

DATED: June 27, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3