UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLTON JAMES ROOD, | No. 2:19-cv-1806 KJM AC P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| LOCKWOOD, et al., | |
| Defendants. | |

Plaintiff is a former county and current state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Currently pending before the court are plaintiff's motion to compel (ECF No. 57) and defendants' motion for terminating sanctions (ECF No. 62).

I.     Motion for Terminating Sanctions

    A.     Relevant Background

On April 5, 2022, defendants sought to extend the deadlines in this case after plaintiff refused to participate in his deposition because he was on a hunger strike, and counsel thereafter had trouble rescheduling the deposition due to plaintiff's pending transfer to another prison. ECF No. 50. That motion was granted. ECF No. 51. On June 22, 2022, defendants filed another motion to modify the scheduling order, based on plaintiff's refusal to participate in the rescheduled deposition. ECF No. 53. Defendants asserted that plaintiff had appeared for

////

deposition on June 22, 2022,[1] but refused to participate on the grounds that he was in fear for his safety and did not have his paperwork related to the case. Id. at 4. Plaintiff also advised defense counsel that he had served objections to the deposition, which had not yet been received by counsel and which were docketed by the court on the day of the deposition. Id.; see ECF No. 54 (objections). The request for extension was granted and plaintiff's objections to the deposition were overruled. ECF No. 55. The court stated in pertinent part:

> Should plaintiff refuse for a third time to participate in his deposition, defendants will be entitled to file a motion for sanctions. Plaintiff is cautioned that that he is required to participate in discovery, which includes being deposed, and that further refusals to fully participate will likely result in sanctions, which could range from the exclusion of evidence up to dismissal of this case.

Id. at 3 (citing Fed. R. Civ. P. 37(b)(2)(A); Fed. R. Civ. P. 41(b); L.R. 110).

On August 8, 2022, the court received plaintiff's objections to a deposition noticed for August 10, 2022. ECF No. 60. The file reflects that the objections were not entered onto the court's docket until August 9, 2022. In his objections, plaintiff stated that he had just learned that he could not receive a copy of his deposition transcript unless he could pay for it, and that he objected to a deposition of which he could not receive a transcript due to his poverty. Id. On August 10, 2022, the undersigned issued an order overruling plaintiff's objections and advising that he remained obligated to fully participate in his deposition. ECF No. 61. The following day, defendants filed a motion for terminating sanctions. ECF No. 62. Plaintiff opposes the motion. ECF No. 68.

B. The Parties' Arguments

Defendants move for terminating sanctions on the ground that plaintiff refused to be deposed for a third time. ECF No. 62. They assert that after receiving the objections plaintiff filed with the court via electronic notification on August 9, 2022, they cancelled the August 10, 2022 deposition to avoid incurring additional costs for a deposition at which plaintiff would once again refuse to testify. Id. at 5. They argue that terminating sanctions are appropriate because

---

[1] Defense counsel had attempted to schedule the deposition for an earlier date, but this was not possible due to plaintiff's administrative segregation. Id.


plaintiff has repeatedly refused to be deposed and has failed to provide sufficient responses to interrogatories and requests for production. Id. at 5-7. Alternatively, the argue that the case should be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute or comply with a court order. Id. at 8-9.

Plaintiff argues that the motion should be denied because defendants' decision to cancel the deposition was premature, as he did not refuse to participate in his deposition and has responded to written discovery. ECF No. 68.

C.  Discussion

The Local Rules of the Eastern District provide wide latitude to the court with regard to sanctions—under Local Rule 110, the failure of a party to comply with any local rule or order of the court may result in the imposition of "any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, the Federal Rules of Civil Procedure specifically permit dismissal as a sanction for failing to comply with an order compelling discovery. Federal Rule of Civil Procedure 37(b)(2)(A)(v) permits a court to "dismiss[ ] the action or proceeding in whole or in part" if a party fails to comply with a discovery order. Similarly, under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

It is within the discretion of a district court to order dismissal sanctions. Olivia v. Sullivan, 958 F.2d 272, 273 (9th Cir. 1992) (citation omitted). However, because "dismissal is a harsh penalty. . . it should only be imposed in *extreme circumstances*." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (quoting Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992)); Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007) ("Only 'willfulness, bad faith, and fault' justify terminating sanctions" (quoting Jorgensen v. Cassiday, 320 F.3d 906, 912 (9th Cir. 2003))).

The court agrees with plaintiff that defendants' decision to cancel the August 10, 2022 deposition was premature. Though plaintiff did file objections to the deposition, he did not state that he would not participate. While defendants' assumption that plaintiff's objection was

tantamount to a refusal to be deposed was reasonable given his previous history, absent plaintiff's explicit refusal to participate, the court cannot find that terminating sanctions are warranted. Defendants should have, at a minimum, attempted to contact plaintiff to confirm that he intended to refuse to testify if he was not provided a copy of the deposition transcript. To the extent defendants argue that plaintiff's failure to sufficiently respond to written discovery is also grounds for dismissal, the court declines to consider these arguments. While plaintiff's responses may in fact be deficient, such deficiencies are more appropriately addressed for the first time in a motion to compel, which defendants could have pursued but did not.[2]

In recommending that the motion for terminating sanctions be denied, the undersigned is not condoning plaintiff's conduct. Far from it. The court will not tolerate further delays. Defendants shall have a final opportunity to depose plaintiff, and plaintiff is advised that he is obligated to fully participate in his deposition regardless of any pending motions or objections to the deposition. Given the history recited above, plaintiff's failure to fully participate in his deposition will very likely result in a recommendation of dismissal. See Fed. R. Civ. P. 37(b)(2)(A); Fed. R. Civ. P. 41(b); L.R. 110.

    D.    Conclusion

For the reasons set forth above, the undersigned will recommend denial of defendants' motion for terminating sanctions.

II.    Motion to Compel

Plaintiff seeks to compel further responses to various requests for production. ECF No. 57. Although he has not provided a copy of the original requests and defendants' responses, or specifically identified the requests at issue, defendants have attached copies of the requests and responses to their opposition. ECF No. 59 at 12-36. Defendants oppose the motion on the grounds that they have provided complete responses, plaintiff is not entitled to engage in a fishing expedition, and some of the records are privileged. Id. at 3-7.

---

[2] Defendants did file initial motions to compel on the ground that plaintiff had completely failed to respond to their discovery requests. ECF Nos. 42, 43. However, those motions were withdrawn after they received plaintiff's responses (ECF Nos. 45-47) and defendants did not file any further motions to compel related to the substance of the responses.

A.     Standards Governing Discovery

The scope of discovery under Federal Rule of Civil Procedure 26(b)(1) is broad. Discovery may be obtained as to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id. The court, however, may limit discovery if it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" or if the party who seeks discovery "has had ample opportunity to obtain the information by discovery;" or if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). The purpose of discovery is to "make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent," United States v. Procter & Gamble Co., 356 U.S. 677, 682 (1958) (citation omitted), and "to narrow and clarify the basic issues between the parties," Hickman v. Taylor, 329 U.S. 495, 501 (1947).

Under Federal Rule of Civil Procedure 37(a)(3)(B), a motion to compel may be made if "a party fails to produce documents or fails to respond that inspection will be permitted . . . as requested under Rule 34." "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, No. 07-cv-0200 JM PCL, 2009 WL 1390794 at *1, 2009 U.S. Dist. LEXIS 42339 at *3 (S.D. Cal. May 14, 2009) (citations omitted); see also Nugget v. Hydroelectric, L.P. v. Pac. Gas & Elec. Co., 981 F.2d 429, 438-39 (9th Cir. 1992) (upholding denial of motion to compel because moving party did not show the request fell within the scope of Rule 26(b)(1)). The opposing party is "required to carry a heavy burden of showing why discovery was denied." Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975).

////

////

B.     Plaintiff's Allegations

The complaint sets out three claims for relief against defendants based upon their use of excessive force and interference with plaintiff's medical care. ECF No. 1. Claim One alleges that on August 28, 2019, upon plaintiff's return to the jail from court, defendants Lockwood and Clark used excessive force during a search and escort. Id. at 3. While plaintiff was being searched, defendants told him that they had filed reports saying he had been doing pushups, which resulted in his arm sling being taken away, and after plaintiff was searched, they told him to put his hands behind his back, despite knowing he was unable to do so. Id. When plaintiff reminded them that he was unable to put his arm behind his back, Clark pushed him into a wall and twisted his arm back, dislocating his shoulder, while Lockwood threatened to assault him. Id. Defendants then escorted plaintiff to the 2C sally port, all the while wrenching and twisting his arms. Id. They then pushed him into a corner, causing his head to hit the concrete wall, after which Lockwood shoved plaintiff's head into the wall a second time. Id. at 4. When defendants eventually returned plaintiff to his cell, they assaulted him again. Id.

In Claim Two, plaintiff alleges that on August 16, 2019, at approximately 12:30 p.m., he began suffering from heart palpitations and chest pain. Id. at 5. Lockwood deliberately delayed taking plaintiff to medical, and during the escort, Lockwood used his weight to cause plaintiff to collapse and hit his head on the ground. Id. Upon plaintiff's return to his cell, Lockwood refused to give him the medication he had been provided. Id.

Finally, Claim Three alleges that Lockwood and Van Gerwen interfered with plaintiff's medical care by denying him an arm sling. Id. at 6. Plaintiff's arm sling was initially taken away on August 2, 2019, based on fabricated reports submitted by Lockwood. Id. On August 29, 2019, plaintiff was re-issued his arm sling, but on September 4, 2019, at approximately 6:00 p.m. Lockwood saw him using his sling during medication rounds and later returned to plaintiff's cell with Van Gerwen, who helped Lockwood forcibly removed the sling. Id. On September 6, 2019, at approximately 12:30 p.m., while plaintiff was on his way to medical to try and get his sling back, Van Gerwen began yelling at him to put his hand behind his back or go back to his cell. Id. at 7. When plaintiff told him he was afraid of being assaulted and that his only option was to go

back to his cell, Van Gerwen became angry and pushed him into his neighbor's door before putting plaintiff back into his cell. Id.

C. Discussion

Plaintiff seeks further production related to four categories of materials that appear to cover seven requests for production. ECF No. 57. Each category and the requests they appear to cover will be addressed in turn.

The first category of documents that plaintiff seeks relate to "grievances and requests of every kind" made through the jail's tablet system. Id. at 1. This category appears to cover Request for Production 3.

> **REQUEST FOR PRODUCTION NO. 3:** Any and all documents related to grievances, requests, or medical on the tablet system (or other) for my tablet account from Shasta County Jail. This is to include a detailed breakdown (as available) of how the tablet system works, its intended purpose, and its storage protocols and capacity.
>
> **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:** OBJECTIONS: The Request is vague and ambiguous and calls for speculation as to the meaning of the terms "my tablet account" and "tablet". The Request is overbroad. This Request is compound and unduly burdensome as phrased. As phrased, this request potentially calls for the production of documents/materials that are not relevant and proportional to the needs of the case. Without waiving said objection and subject thereto, Defendant responds as follows: Please see documents produced with these responses. Documents responsive to this Request may also be in the possession of Wellpath. Defendants' discovery and investigation are continuing and defendants reserve the right to supplement these responses.

ECF No. 59 at 23-24. Defendants' exhibits indicate that they produced plaintiff's grievance log, totaling 156 pages. ECF No. 59 at 36.

Plaintiff asserts that while he was provided grievances, he did not receive any of the requests that he had submitted though the tablet system. ECF No. 57 at 1. He argues that he requires requests in addition to grievances in order to demonstrate that he made very attempt to exhaust his administrative remedies because officers can change grievances to requests in the system. Id. Defendants do not expressly address plaintiff's contention that he has not been provided with requests, and instead argue generally that plaintiff's requests were "compound, vague, ambiguous, and extremely overbroad," but they nevertheless produced 800 pages of

7

responsive documents. ECF No. 59 at 2, 4. While the overbreadth objections are well-taken, defendants fail to address any specific burden or difficulty in producing the requests plaintiff submitted while incarcerated at Shasta County Jail if the scope is appropriately narrowed. Defendants will therefore be required to produce to plaintiff any request in their possession, custody, or control that plaintiff submitted between August 2, 2019, through September 11, 2019,[3] that are related to defendants, to interference with plaintiff's medical care, and to uses of force.

Plaintiff next seeks documents related to defendants' disciplinary records, and grievances and lawsuits filed against defendants, and therefore appears to address Requests for Production 4-6.

> **REQUEST FOR PRODUCTION NO. 4:** Any and all documents related to staff misconduct of any kind (with concern to defendants of this case) including, but not limited grievances, requests, and reprimands of any kind; this is to precede the date of misconduct by two years (2019) up until the present day. To be clear, that means now going back five years. This is to include events reported by anyone (including staff and inmates).
>
> **REQUEST FOR PRODUCTION NO. 5:** Any and all lawsuits and/or criminal complaints lodged against any Defendant in this case in any jurisdiction, including the Federal courts and Washington State. You are to name the specific cause(s) of each action this regardless of the outcome of each.
>
> **REQUEST FOR PRODUCTION NO. 6:** Any and all employment documentation you've had from January 1, 2017 to the incidents at issue up through the present day, including but not limited to any and all employment records or files regarding your employment, payroll documents, employment related correspondence, or documents related to any disciplinary actions by any employer against you.

ECF No. 59 at 24-26. Defendants made the following objections to all three requests:

> OBJECTIONS: The Request is vague, ambiguous, and overbroad. . . . This Request is unduly burdensome as phrased. As phrased, this request potentially calls for the production of documents/materials that are not relevant and proportional to the needs of the case.
>
> Additionally, as phrased, this request potentially calls for the

---

[3] The complaint identifies August 2, 2019, as the first instance a defendant interfered with plaintiff's medical care, and all other alleged violations took place after that date. ECF No. 1 at 3-7. The court received plaintiff's complaint on September 11, 2019.

8

>production of documents or information that are privileged from disclosure under the federal law enforcement investigative privilege, the federal executive-deliberative process and official information privileges, the federal and California constitutional right to **privacy** (as underscored and/or augmented by the statutory peace officer personnel records *Pitchess* privileges pursuant to California Penal Code sections 832.5 through 832.8, as well as California Evidence Code sections 1040 through 1048, and the associated case law), and/or – in light of its broad phrasing so as to potentially include Defendants' *attorneys*– potentially including the attorney-client privilege (including but not limited to its investigative aspect) and/or the attorney work product protection.

Id. Defendants also incorporated the general objections stated at the beginning of their responses; objected to Requests 4 and 5 on the grounds that they were vague as to time; objected to Request 4 on the ground that it may violate third party privacy rights and HIPAA; and objected that the terms "staff misconduct," "criminal complaints," and "employment documentation" required speculation as to their meaning. Id.

Defendants' objections regarding the scope of the requests are well taken, as the breadth of the requests far exceeds the issues presented to the court in this case. However, complaints, grievances, lawsuits, and disciplinary actions against defendants based upon the same type of conduct at issue in this action are relevant, and the scope of the requests will be narrowed accordingly. Defendants will be required to produce copies of any staff or inmate complaints, grievances, disciplinary actions, and operative complaints in lawsuits, from 2017 to the present and of which they are aware,[4] that deal with allegations that any of the defendants used excessive force on an inmate or that Lockwood or Van Gerwen interfered with an inmate's medical care. The documents may be redacted as necessary for security purposes and to exclude any sensitive information not related to defendants' use of excessive force or interference with medical care. This includes the redaction of other inmates' identifying information, which the court recognizes may go beyond inmate name and number. If safety or security concerns remain even after redaction, defendants may move for a protective order.[5] If no responsive documents exist,

---

[4] Defendants are considered to be aware of any such documentation contained within their personnel files.
[5] Although assertion of the official information privilege requires submission of a privilege log, Fed. R. Civ. P. 26(b)(5)(A)(ii), and a declaration addressing several factors, including that a

9

defendants shall update their responses accordingly.

The third category of materials relates to audio and video surveillance and appears to deal with Requests for Production 11-12.

> **REQUEST FOR PRODUCTION NO. 11:** Any and all audio and video footage where Isaac Lockwood is assigned to the medical section of the jail for the four month period of July 1, 2019 to November 1, 2019.
>
> **REQUEST FOR PRODUCTION NO. 12:** All audio/video surveillance for the dates, areas, and times that follow:
>
> August 2019- 6th 5-7 p.m. (pod 2c) /7th, 5-7 p.m. (pod 2C) / 14th, 5-7 p.m. (2C pod) / 28th 8:30-11:30 a.m. (intake/booking/garage area) – 4:30-5:30 p.m. (2C pod).
>
> September 2019 – 4th 5:30 p.m.-7 p.m. (2C), 6th, 8:30-10:30 a.m. (2C), 13th 9:00 a.m.-2:00 p.m. (2 Cpod – level 2 outside elevator – inside elevator – in medical area hallway).
>
> October 2019 – 1st 8:30a.m.-9:30a.m. (2C), 11th 8:30 a.m.-12:50 p.m. (2C - sally port to 2C-level 2 outside elevator – inside elevator – in medical wings), 11:00 a.m.-1:00 p.m. (level 3C), 1:00 p.m.-7:00 p.m. (3C/interview rooms)… 14th 10-11 a.m. (3C), 28th 10 a.m.-2 p.m. (3C).
>
> November 2019 – 21st 9 a.m.-11 a.m. (3C/medical/elevator), 24th, 7 a.m.-7 p.m. (3C), 29th, 3 p.m.-7 p.m. (3C).
>
> December 2019 – 1st 4:30 p.m.-7 p.m. (3C), 2nd 1 p.m.-3 p.m. (3C/elevator/medical), 11th 1:30 p.m.-2:30 p.m. (3C).
>
> January 2020 – 5th 12-5 p.m. (3C), 11th 11 a.m.-1 p.m. (3C), 17th 4-7 p.m. (3C).
>
> February 2020 – 3rd 8 a.m.-7 p.m. (medical and medical pods 1 & 2), 4th 9 a.m.-3 p.m. (medical pods 1&2 – elevator-level 1 elevator exit area and level 1 visiting areas), 5th 1 p.m.-3 p.m. (Medical pods 1&2), 11th 8:30-11:30 a.m. (medical pods 1 and 2)/12:01 p.m.-3:01 p.m. (medical pods 1 and 2 – visiting area on the ground floor – visiting box #5-elevator), 15th 11 a.m.-6 p.m. (medical pods 1 and 2), 24th 11 p.m.-1 a.m. (medical pods 1 and 2).

---

designated official has reviewed the material in question, Soto v. City of Concord, 162 F.R.D. 603, 613 (N.D. Cal. 1995), because plaintiff's requests were overly broad, it would be unreasonable to require defendants to have produced a privilege log and an official information declaration addressing all of the responsive documents in their initial response to the request. Prior to producing the documents, defendants are permitted to seek a protective order, if necessary, that provides the necessary privilege log and declaration with respect to any documents responsive to the request, as defined by this order.

> March 2020 – 17th 7-10 am (medical pods 1 and 2), 18th 8-11 am (medical pods 1 and 2), 31st 4-6:00 pm (3C pod).
>
> April 2020 – 5th 7-8 a.m. (3C), 6th 12:30-4:00 p.m. (3C) – 7 p.m.-11:59 p.m. (3C).
>
> May 2020 – 5th 5-8 a.m. (3C) – 5-8 p.m. (3C), 15th 5-7 p.m. (3C), 16th 6-8 a.m. (3C).
>
> June 2020 – 12th 8 a.m.-7 p.m. (3C and medical)
>
> July 2020 – 10th 5-7 p.m. (3C), 19th 7 a.m.-2 p.m. (2C pod).
>
> August 2020 – 20th 8 a.m.-4 p.m. (3C).

ECF No. 59 at 30-32. Defendants made the following objections to both requests:

> OBJECTIONS: The Request is vague, ambiguous, and overbroad. . . . . This Request is unduly burdensome as phrased. As phrased, this request potentially calls for the production of documents/materials that are not relevant and proportional to the needs of the case.
>
> Additionally, as phrased, this request potentially calls for the production of documents or information that are privileged from disclosure under the federal law enforcement investigative privilege, the federal executive-deliberative process and official information privileges, the federal and California constitutional right to **privacy** (as underscored and/or augmented by the statutory peace officer personnel records *Pitchess* privileges pursuant to California Penal Code sections 832.5 through 832.8, as well as California Evidence Code sections 1040 through 1048, and the associated case law), and/or – in light of its broad phrasing so as to potentially include Defendants' *attorneys*– potentially including the attorney-client privilege (including but not limited to its investigative aspect) and/or the attorney work product protection.
>
> Defendant incorporates by reference here each of the objections stated in the General Objections section, *supra*.
>
> Further objection is made to the extent this Request seeks production of documents that may violate third party privacy rights, as well as HIPAA.
>
> Without waiving said objection and subject thereto, Defendant responds as follows: Defendants cannot mail a CD/DVD of video to the prison. Defendants have been advised by the prison in which plaintiff is incarcerated that a Court Order may be needed to view video.
>
> Defendants' discovery and investigation are continuing and defendants reserve the right to supplement these responses.

Id. at 30-33.

11

Defendants further objected to Request 11 on the ground the term "assigned to the medical section of the jail" required speculation as to its meaning. Id. at 30. Plaintiff argues that the audio and video evidence he seeks is "exculpatory" and that the objections on the grounds of the California Department of Corrections and Rehabilitation's (CDCR) limitations are without merit. ECF No. 57 at 4.

Once again, defendants' objections regarding the scope of the requested materials are entirely appropriate. The dates and times identified in plaintiff's request for video and audio recordings far exceed the few discreet instances of conduct upon which the complaint is based. The requests will therefore be limited accordingly. Defendants shall produce video and audio surveillance recordings from the following dates, times, and locations, if they exist and if plaintiff or any defendant is visible or audible in the recording: August 28, 2019, from 8:30 a.m.-11:30 a.m. from the "intake/booking/garage area," and from 4:30 p.m.-5:30 pm from "2C pod"; September 4, 2019, from 5:30 p.m.-7 p.m. from "2C"; and September 6, 2019, from 8:30 a.m.-10:30 a.m. from "2C."[6] If responsive materials do not exist, defendants shall update their responses accordingly.

In light of defendants' representation regarding the difficulty in mailing plaintiff a CD or DVD directly, if there are materials responsive to the requests, as narrowed, such materials should be mailed to plaintiff though the prison litigation coordinator.[7] The litigation coordinator or other appropriate prison staff shall be responsible for determining whether plaintiff may possess a copy of such materials based upon any applicable prison policies. In the event any recordings are produced, plaintiff shall be responsible for contacting the litigation coordinator to arrange to view any materials and may seek assistance from the court if he encounters difficulties in accessing the materials.

////

---

[6] Because plaintiff's request was overly broad, defendants will be permitted the opportunity, if necessary, to seek a protective order that provides the necessary privilege log and declaration with respect to any materials responsive to the request, as defined by this order.

[7] Defense counsel represents that she has previously been in communication with the litigation coordinator regarding this issue. ECF No. 59 at 4.

Finally, plaintiff seeks a staff movement sheet, which appears to reference Request for Production 14.

> **REQUEST FOR PRODUCTION NO. 14:** Full list of staff presence in Shasta County Jail and their positions (medical, custody and Marshals and transport officers), in include all staff for the days given in "Request for Production #12".
>
> **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:** OBJECTIONS: The Request is vague, ambiguous, and overbroad. This Request calls for speculation as to the meaning of the term "staff". This Request is unduly burdensome as phrased. As phrased, this request potentially calls for the production of documents/materials that are not relevant and proportional to the needs of the case.
>
> Additionally, as phrased, this request potentially calls for the production of documents or information that are privileged from disclosure under the federal law enforcement investigative privilege, the federal executive-deliberative process and official information privileges, the federal and California constitutional right to **privacy** (as underscored and/or augmented by the statutory peace officer personnel records *Pitchess* privileges pursuant to California Penal Code sections 832.5 through 832.8, as well as California Evidence Code sections 1040 through 1048, and the associated case law), and/or – in light of its broad phrasing so as to potentially include Defendants' *attorneys*– potentially including the attorney-client privilege (including but not limited to its investigative aspect) and/or the attorney work product protection.
>
> Defendant incorporates by reference here each of the objections stated in the General Objections section, *supra*.
>
> Further objection is made to the extent this Request seeks production of documents that may violate third party privacy rights.
>
> Without waiving said objection and subject thereto, Defendant responds as follows: Defendants are willing to produce redacted, unprivileged documents regarding the incident dates at issue in the operative complaint regarding the named defendants. Documents responsive to this Request may also be in the possession of Wellpath.
>
> Defendants' discovery and investigation are continuing and defendants reserve the right to supplement these responses.

ECF No. 59 at 34-35.

Plaintiff argues that he requires the requested documents in order to identify potential witnesses. As with plaintiff's other requests, this request is overbroad. However, defendants will be required to provide plaintiff with the staffing rosters that cover the same dates, times, and

13

locations listed in Request for Production 12, as narrowed by the court above.  Defendants may redact any personal information other than name and badge number, if applicable.  If safety or security concerns remain even after redaction, defendants may move for a protective order.

## CONCLUSION

IT IS HEREBY ORDERED that plaintiff's motion to compel (ECF No. 57) is GRANTED in part and DENIED in part:

1. The motion is GRANTED to the extent that defendants must provide supplemental responses to Requests for Production 3-6, 11-12, and 14 as set forth above and is otherwise DENIED.

2. Supplemental responses shall be provided within thirty days of the service of this order.

3. Within thirty days of the service of this order, defendants may move for a protective order with respect to any sensitive documents, as provided above.

4. Within forty-five days of the service of this order, plaintiff may file any necessary motion for sanctions if defendants fail to comply with this order.

IT IS FURTHER RECOMMENDED that:

1. Defendants' motion for terminating sanctions (ECF No. 62) be DENIED.

2. In the event these findings and recommendations are adopted, defendants shall have forty-five days to take plaintiff's deposition either in person or by video conference.  Defendants shall serve all parties with the notice required by Federal Rule of Civil Procedure 30(b)(1) at least fourteen days before such a deposition.

3. Plaintiff shall fully participate in his deposition.  If plaintiff refuses to fully participate in his deposition, defendants may bring a motion for sanctions within fourteen days of being advised of plaintiff's refusal.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 24, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE