UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLTON JAMES ROOD, | No. 2:19-cv-1806 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| LOCKWOOD, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court is defendants' motion for a protective order. ECF No. 73.

By order filed March 27, 2023, the undersigned partially granted plaintiff's motion to compel and ordered defendants to provide supplemental responses to some of plaintiff's production requests. ECF No. 70. Relevant to the motion for protective order, defendants were ordered "to produce copies of any staff or inmate complaints, grievances, disciplinary actions, and operative complaints in lawsuits, from 2017 to the present and of which they are aware, that deal with allegations that any of the defendants used excessive force on an inmate or that Lockwood or Van Gerwen interfered with an inmate's medical care." Id. at 9 (footnote omitted). Defendants were permitted to redact the documents as necessary for security purposes and to move for a protective order if security concerns remained even after redaction. Id.

1

Defendants' motion for protective order exceeds the scope of that contemplated by the court in ordering production. The court has already made a determination regarding the relevance of the documents ordered produced. To the extent defendants now try to expand their relevance argument, arguing that the documents are not relevant because plaintiff's claims that his conditions were the result of a county custom or policy were dismissed, the argument comes too late and is nevertheless unavailing. The documents to be produced are limited in scope to complaints against defendants for conduct similar to that alleged by plaintiff, and such complaints may be relevant to showing defendants' habit or motive. See Fed. R. Evid. 404(b)(2); Fed. R. Evid. 406; see also Shepherd v. Neuschmid, No. 2:19-cv-0084 JAM DB, 2021 WL 1172915, at *4-5, 2021 U.S. Dist. LEXIS 59918, at *9-13 (E.D. Cal. Mar. 29, 2021) (ordering production of staff complaints and grievances); Porteous v. Avila, No. 1:21-cv-0529 SAB, 2022 WL 5226965, at *4, 2022 U.S. Dist. LEXIS 161318, at *9-10 (E.D. Cal. Sept. 7, 2022) (ordering production of civil lawsuits); Richard v. Joseph, No. 2:21-cv-0975 KJN, 2022 WL 1241102, at *8-11, 2022 U.S. Dist. LEXIS 77695, at *23-31 (E.D. Cal. Apr. 27, 2022) (ordering production of grievances and complaints filed in court).

Defendants' argument that production of the documents would be prejudicial because they are not relevant, and because the order does not distinguish between unfounded and substantiated complaints, similarly fails. The documents are relevant regardless of whether the complaints have been substantiated. See Harris v. German, No. 1:15-cv-1462 DAD GSA, 2019 WL 4640503, at *8, 2019 U.S. Dist. LEXIS 163548, at *23 (E.D. Cal. Sept. 24, 2019) ("In an excessive force case such as this, the relevance and discoverability of officers' disciplinary records, including unfounded complaints and allegations of misconduct, are widely recognized." (collecting cases)).

Finally, although defendants were permitted to seek a protective order on the grounds of privilege, the motion is deficient. In permitting defendants an opportunity to seek a protective order, the court explicitly provided that in the event defendants sought a protective order, they must provide a privilege log and declaration regarding the documents at issue, as required when asserting the official information privilege. Id. at 9 n.3.

Defendants request that, in the event the court finds the documents relevant, the court conduct an in camera review of the documents prior to production. ECF No. 73 at 12. This request will be denied. As addressed above, the court already determined that the documents were relevant, and defendants provide no basis for burdening the court with an in camera review of the documents.

Accordingly, IT IS HEREBY ORDERED that defendants' motion for protective order or alternative in camera review (ECF No. 73) is DENIED.

DATED: April 26, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE