UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLTON JAMES ROOD, | No. 2:19-cv-01806 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| LOCKWOOD, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983, has filed a motion requesting to "reinstate" a previously dismissed defendant. ECF No. 77. In his motion, plaintiff states that defendant Shasta County Jail Hiring Authority was previously dismissed because the name was insufficiently specific and requests that he be permitted to reinstate the defendant as Shasta County Sheriff's Department. Id. Defendants oppose the motion. ECF No. 78.

In screening the complaint, the undersigned found that plaintiff had failed to state a claim against the Shasta County Jail Hiring Authority because he had not alleged facts showing that the conditions he complained of were the result of a policy or custom of the county, not because he had failed to sufficiently identify the defendant. ECF No. 13 at 5. Plaintiff later voluntarily dismissed the claims against the Shasta County Jail Hiring Authority rather than trying to amend the complaint. ECF No. 19. Because the claim against the Shasta County Jail Hiring Authority

was insufficiently pled, reinstating the claim against defendant under a different name will not fix the defects in the complaint. If plaintiff wishes to attempt to state a claim against the Shasta County Sheriff's Department, he must file a motion to amend that is accompanied by a copy of the proposed amended complaint. Local Rule 137(c). Any such motion should also address plaintiff's delay in seeking to amend the complaint and why such amendment would not be prejudicial to defendants.

      Accordingly, IT IS HEREBY ORDERED THAT plaintiff's motion to reinstate defendant Shasta County Jail Hiring Authority (ECF No. 77) is DENIED.

DATED: September 11, 2023.

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE