UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLTON JAMES ROOD, | No. 2:19-cv-1806 KJM AC P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| LOCKWOOD, et al., | |
| Defendants. | |

Plaintiff has filed a motion requesting a fourteen-day extension of time for any pending deadlines. ECF No. 98. The only potential deadlines at issue are the time for responding to defendants' motion to strike (ECF No. 93) and plaintiff's deadline to file a reply in support of his motion for a temporary restraining order (ECF No. 98). Because those motions may be resolved without further briefing and are addressed below, the request for an extension of time will be denied as moot.

Defendants moved to strike an affidavit filed by plaintiff's mother in support of his motion for temporary restraining order, on the grounds that no such motion had been filed and plaintiff's mother cannot prepare and file documents for plaintiff because she is not licensed to practice law in California. ECF No. 93. Although plaintiff's motion for a temporary restraining order had not been filed at the time the affidavit was received, it was subsequently received and docketed by the court. ECF No. 94. The motion to strike the affidavit will therefore be denied.

1  Plaintiff is cautioned that in the future, any exhibits to his motions should be attached to the
2  motions and should not be submitted to the court by persons other than plaintiff.
3      With respect to plaintiff's motion for temporary restraining order, plaintiff requested an
4  order requiring defendants to remain at least 500 feet away from him based on his belief that he
5  would be paroled in Redding, California, where defendants work and live, upon his release from
6  prison.  ECF Nos. 92, 94.  However, the affidavit from plaintiff's mother indicates that plaintiff
7  was in the process of seeking approval to parole in Idaho where his mother lives.  ECF No. 92.  It
8  appears that this request was approved, as plaintiff's motion for extension of time and most recent
9  notice of change of address indicate that he is now residing in Coeur d'Alene, Idaho.[1]  ECF Nos.
10 97, 98.
11     A temporary restraining order is an extraordinary measure of relief that a federal court
12 may impose without notice to the adverse party if, in an affidavit or verified complaint, the
13 movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the
14 movant before the adverse party can be heard in opposition."  Fed. R. Civ. P. 65(b)(1)(A).  The
15 standard for issuing a temporary restraining order is essentially the same as that for issuing a
16 preliminary injunction.  Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7
17 (9th Cir. 2001) (stating that the analysis for temporary restraining orders and preliminary
18 injunctions is "substantially identical").
19     "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on
20 the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the
21 balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v.
22 Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted).  The propriety of a request
23 for injunctive relief hinges on a threat of irreparable injury that must be imminent in nature.  See
24 Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988) ("Speculative injury
25 does not constitute irreparable injury sufficient to warrant granting a preliminary injunction."

---

[1] Plaintiff is advised that since he has been released from custody he is no longer entitled to the benefit of the prison mailbox rule and any filings must be *received by the court* on or before the deadline in order to be considered timely.

(citing <u>Goldie's Bookstore, Inc. v. Superior Ct.</u>, 739 F.2d 466, 472 (9th Cir. 1984))).

In this case, any injury appears to be speculative. Despite plaintiff's concern that he would be returned to Redding on parole, it now appears that he has been approved to reside out-of-state and there is no indication that plaintiff will be returning to Redding. The motion for temporary restraining order should therefore be denied.

Also pending before the court are the parties' cross-motions for summary judgment and plaintiff's motion for an extension of time to oppose defendants' motion for summary judgment. ECF Nos. 80, 84, 89. Plaintiff's motion for an extension of time was received by the court after an extension had already been granted, and his opposition reflects that it was delivered to prison staff prior to the expiration of the new deadline. ECF Nos. 88, 89, 91. Plaintiff's opposition is therefore timely and the motion for an extension of time will be denied as moot. The parties' fully briefed motions for summary judgment will be addressed in due course.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motions for an extension of time (ECF Nos. 89, 98) are DENIED as moot.
2. Defendants' motion to strike (ECF No. 93) is DENIED.

IT IS FURTHER RECOMMENDED that plaintiff's motion for a temporary restraining order (ECF No. 94) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 4, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3