UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Colton James Rood,<br><br>            Plaintiff,<br><br>     v.<br><br>Lockwood, et al.,<br><br>            Defendants. | No. 2:19-cv-1806 KJM AC P<br><br>ORDER |

Plaintiff, a former prisoner proceeding pro se, filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 26, 2024, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty-one days. Findings & Recommendations (F. & R.), ECF No. 101. Defendants filed objections to the findings and recommendations. Defs.' Obj., ECF No. 104. Plaintiff filed a motion requesting the court allow him to file late responses. Mot. Late Responses, ECF No. 107. Plaintiff then filed untimely and unauthorized objections and responses. *See* Objection (Dec. 30, 2024), ECF No. 108; Objection (Jan. 6, 2025) (Pl.'s Obj,), ECF No. 110; Response (Dec. 30, 2024) (Pl.'s Resp.), ECF No. 109; Response (Jan. 6, 2025), ECF No. 111. Because of the lenient standard applied to *pro se* litigants,

1

the court considers the filings, but warns parties that it may not do so in the future. In addition, because the filings are largely duplicative, the court refers only to the objections and response filed on December 30, 2024. Pl.'s Obj.; Pl.'s Resp.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case.

## I.   DEFENDANTS' OBJECTIONS

Defendants raise multiple objections to the findings and recommendations. First, defendants object to the denial of their motion for summary judgement on the alleged excessive force claim arising from the incident on August 16, 2019. *Id.* at 2–3; F. & R. at 8–9. Defendants assert the claim arising from this incident was only a claim for deliberate indifference to plaintiff's medical needs. They point to the court's statutory screening of the plaintiff's complaint as support for their assertion. *See* Prev. Order (May 13, 2021) at 4, ECF No. 13. Defendants assert that because there was no excessive force claim related to this incident, they did not need to address this claim in their motion as it relates to the incident on August 16. Having reviewed the screening order, the court finds the defendants were on fair notice that plaintiff brings excessive force claims and deliberate indifference to serious medical needs claims against defendant Lockwood. The screening order reads:

> In Claim Two, plaintiff alleges that on August 16, 2019, Lockwood deliberately delayed his access to medical care after he began suffering heart palpitations. Then, during the escort to medical, Lockwood used his weight to cause plaintiff to collapse and hit his head on the ground. Upon plaintiff's return to his cell, Lockwood refused to give him the medication he had been provided, telling plaintiff that it was because he knew plaintiff wanted to file a grievance about Lockwood's conduct.

*Id.* (internal citations omitted). On the same page, the Order then explains claims for which a response will be required:

> Plaintiff's allegations against defendants Lockwood, Clark, and Van Gerwen are sufficient to state claims for excessive force under the Fourteenth Amendment. He also states a claim for interference with his medical treatment against Lockwood and Van Gerwen.

*Id.* at 4–5 (internal footnotes and citations omitted). The defendants were on fair notice that plaintiff's claims included excessive force and deliberate interference with his medical treatment. The defendants' objection on these grounds is **overruled.**

2

Defendants also object on the grounds that the magistrate judge "improperly rel[ied] on Plaintiff's version of the events to create a dispute of fact." Defs.' Obj. at 2. They assert the video surveillance provides undisputed evidence for the purpose of this motion, and that the plaintiff's excessive force claims must be dismissed. Having reviewed the video lodged with the court as well as the other submitted evidence, the court cannot find the evidence so favors the defendants as to warrant a grant of summary judgment. Notice Lodging Doc. Electronically Ex. G (Ex. G), ECF No. 102. The defendants' objection is, therefore, **overruled**.

Finally, the defendants object to the finding that Clark and Lockwood are not entitled to qualified immunity. Since at least 1979, the law has been clearly established, that the Due Process Clause prohibits deliberate punishment of pretrial detainees. *Bell v. Wolfish*, 441 U.S. 520, 535, 538-39 (1979); *see also Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992)). Defendants are not entitled to summary judgment based on a finding of qualified immunity.

## II.    PLAINTIFF'S OBJECTIONS

Plaintiff objects to the magistrate judge's findings and recommendations, arguing a grant of summary judgment as to his claims of deliberate indifference to serious medical claims and excessive force claim regarding the incidents in September 2019 overlooks the severity of his medical conditions. Pl.'s Obj, at 3. He further asserts the sling he possessed in violation of prison protocol was "taken in defiance of medical recommendations" and suggests the record does not completely and accurately capture his medical records. *Id.* at 2–3 & n.2. Plaintiff does not offer any evidence to support his assertions.

Having carefully reviewed the file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 101) are adopted in full;
2. Defendants' motion for summary judgment (ECF No. 80) is granted as to the deliberate indifference to serious medical needs claims, and the excessive force claim regarding the incidents in September 2019, and denied on the remaining claims;
3. Plaintiff's motion for summary judgment (ECF No. 84) is denied;

3

1      4. Defendants' objections are overruled;

2      5. Plaintiff's objections are overruled;

3      6. Defendant Van Gerwen is dismissed from this case and this case proceeds on the
4         claims for excessive force against defendants Lockwood and Clark; and
5      7. This matter is referred back to the assigned magistrate judge for all further pretrial
6         proceedings.

7      IT IS SO ORDERED.

8   DATED: January 21, 2025.

                                                         _____
                                                         UNITED STATES DISTRICT JUDGE