1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    COLTON JAMES ROOD,                          No.  2:19-cv-01806-KJM-AC (PS)

12                    Plaintiff,                   ORDER

13          v.

14    DEPUTY LOCKWOOD, ET AL., et al.

15                    Defendants.

16

17    COLTON JAMES ROOD,                          No.  2:20-cv-00271-KJM-AC (PS)

                      Plaintiff,                   ORDER
18

19          v.

20    DEPUTY LOCKWOOD, ET   AL., et al.

21                    Defendants.

22          This matter is before the undersigned for resolution of plaintiff's Motions for Sanctions in

23    connection with a settlement conference conducted by the undersigned on May 22, 2025, for two

24    lawsuits plaintiff filed in connection with his incarceration in the Shasta County Jail.[1] For judicial

25    economy the Court issues this Order as to both of plaintiff's motions.

26    _____

27          [1] Case numbers 2:19-cv-01806-KJM-AC (PS) and 2:20-cv-00271-KJM-AC (PS), hereafter
      referred to as "1806" and "271," respectively.

28

                                              1

1        **I.       May 22, 2025 Settlement Conference**

2            On April 24, 2025, the undersigned scheduled a settlement conference to be held on May

3    22, 2025, and directed that, "The parties are instructed to have a principal with full settlement

4    authority present at the settlement conference or to be fully authorized to settle the matter on any

5    terms." (1806 ECF No. 113; 271 ECF No. 92.)  At plaintiff's request, his mother and his brother

6    were allowed to attend the settlement conference. (1806 ECF No. 118; 271 ECF No. 99.)

7            On May 22, 2025, the parties appeared via Zoom teleconference: plaintiff, his brother, and

8    his mother participated for plaintiff, and Shasta County Counsel Joseph Larmour, County Risk

9    Manager Dolyene Lane, the County's insurer's representative Katie O'Brien, and defense counsel

10   Nichole Santiago and Lynn Carpenter all participated on behalf of defendants.  (1806 ECF No.

11   122; 271 ECF No. 103.) In compliance with LR 270(f)(1) Mr. Larmour, the representative

12   designated by the Shasta County of Board of Supervisors, had full settlement authority. (1806

13   ECF No. 130-1; 271 ECF No. 111-1.)

14           After some negotiation, the plaintiff demanded $7,500 to settle both cases, and agreed that

15   he would hold his demand open until May 28, 2025, to allow Mr. Larmour to present the demand

16   to the Shasta County Board of Supervisors on May 27, 2025. (Id.) As agreed, Mr. Larmour

17   presented the offer to the Board of Supervisors; the Board rejected the demand which was

18   promptly communicated to plaintiff.  (Id.)

19       **II.      Motions for Sanctions**

20           On June 24, 2025, plaintiff filed Motions for Sanctions alleging that defendants failed to

21   comply with the Court's Order as to the settlement conference.  (1806 ECF No. 126; 271 ECF

22   No. 107).  On June 30, 2025, the Court ordered defendants to respond and informed the parties

23   that the matter would stand submitted on the papers pursuant to Local Rule 230(g). (1806 ECF

24   No. 129; 271 ECF No. 110.)  Defendants filed an opposition on July 14, 2025. (1806 ECF No.

25   130; 271 ECF No. 111.) Plaintiff did not file a reply.

26       **III.     Analysis**

27           The obligation to attend and participate in a mandatory settlement conference is governed

28   by Rule 16(a)(5) of the Federal Rules of Civil Procedure and this District's Local Rule 270. Local

Rule 270(f), as relevant here, provides:

> **(1) United States Not a Party.** In actions in which the United States is not a party, and unless specifically permitted otherwise by the Judge or Magistrate Judge conducting the settlement conference, counsel shall be accompanied in person by a person capable of disposition, or shall be fully authorized to settle the matter at the settlement conference on any terms. When settlement must be approved by a vote of a party's governing body, unless specifically permitted otherwise by the Judge or Magistrate Judge conducting the settlement conference, counsel shall be designated or shall be accompanied in person by a representative designated by the body who shall have learned the body's preconference disposition relative to settlement.

Fed.R.Civ.Pro. 16(f) provides that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate in good faith—in the conference; or (C) fails to obey a scheduling or other pretrial order." Rule 16(f)(2) provides that instead of or in addition to any other sanction, the court may order the offending party, its attorney, or both to pay the other party's reasonable expenses, including attorney's fees, incurred because of any noncompliance with Rule 16, unless the noncompliance was substantially justified or other circumstances makes an award of expenses unjust.

Plaintiff makes three arguments in support of his Motions for Sanctions. First, plaintiff complains that defendants failed to have a principal at the settlement conference and therefore violated the Court's Order setting the settlement conferences. Plaintiff is incorrect: defendants complied with the Local Rules and had the appropriate decision-makers in attendance. Mr. Larmour, the representative designated by the Shasta County Board of Supervisors, had full settlement authority. (1806 ECF No. 130-1; 271 ECF No. 111-1.)

Second, plaintiff complains that defendants delayed the proceedings. Again, plaintiff is incorrect. While there was a delay in finalizing the negotiations, plaintiff agreed to the delay as he hoped that the Board would approve paying his settlement demand. (Id.)

Finally, plaintiff complains that defendants did not negotiate in good faith. The Court

1   cannot agree.  While plaintiff may be disappointed that the defendants were unwilling to pay an

2   amount plaintiff deems satisfactory, that does not support his assertion that defendants failed to

3   act in good faith.

4       **IV.    Order**

5           In accordance with the above, IT IS ORDERED that:

6       1.  Plaintiff's Motion for Sanctions in case 2:19-cv-01806-KJM-AC (PS) (ECF No. 126)

7           is DENIED; and

8       2.  Plaintiff's Motion for Sanctions in case 2:20-cv-00271-KJM-AC (PS) (ECF No. 107)

9           is DENIED.

10  Dated:  July 28, 2025

11                                  _____
                                    CAROLYN K. DELANEY
12                                  UNITED STATES MAGISTRATE JUDGE

13

14  CKD Rood sanc

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    4